## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 15 2019, 7:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Kristin A. Mulholland
Crown Point, Indiana

ATTORNEY FOR
APPELLEES/CROSS-APPELLANT

Mary P. Lake
LaPorte, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Jacob M. Pasternac and
Rainbow Community, Inc.,

*Appellants-Defendants,*

v.

Robert A. Harris, TWG Merrill,
LLC, BPRS Green Acres, LLC,
and Weiner Green Acres, LLC,

*Appellees/Cross-Appellants-Plaintiffs.*

May 15, 2019

Court of Appeals Case No.
46A05-1704-MI-816

Appeal from the LaPorte Superior
Court

The Honorable Michael S.
Bergerson, Judge

Trial Court Cause No.
46D01-1702-MI-229

**Pyle, Judge.**

# Statement of the Case

This appeal returns to our Court following a remand to the trial court for a new order containing specific findings of fact and conclusions thereon in its preliminary injunction ruling involving a mobile home. The trial court's order following remand: (1) granted the preliminary injunction request sought by Plaintiffs/Appellees, TWG Merrill, LLC, BPRS Green Acres, LLC, and Weiner Green Acres, LLC (collectively, "Green Acres"); and (2) denied the preliminary injunction request sought by Plaintiff/Appellee, Robert A. Harris ("Harris"), after determining that he was no longer the owner of the mobile home at issue.

Defendants/Appellants, Jacob M. Pasternac ("Pasternac") and Rainbow Community, Inc. ("Rainbow Community"), appeal the trial court's grant of the preliminary injunction to Green Acres. Harris cross-appeals the trial court's denial of his request for a preliminary injunction. Because neither Green Acres nor Harris met their burden of showing the necessary factors for obtaining a preliminary injunction, we reverse the trial court's grant of a preliminary injunction to Green Acres and affirm the trial court's denial of a preliminary injunction to Harris.

We reverse in part and affirm in part.

# Issues

> Appeal Issue: Whether the trial court abused its discretion when it granted Green Acres' motion for a preliminary injunction.

Cross-Appeal Issue: Whether the trial court abused its discretion when it denied Harris' motion for a preliminary injunction.

# Facts[1]

[4] This appeal involves a mobile home in the Green Acres mobile home community. A non-party, Sandra Clements ("Clements")—who had received the mobile home from Harris, had the title to the mobile home, had lived in the mobile home for over ten years, and had a mobile home site rental agreement ("rental agreement") containing a right-of-first-refusal clause[2] with Green

---

[1] The underlying facts of this appeal can be found in our previous memorandum decision. *See Pasternac v. Harris*, No. 46A05-1704-MI-816 (Ind. Ct. App. May 31, 2018).

[2] The right-of-first-refusal clause in the rental agreement between Green Acres and Clements provided as follows:

> 15. <u>Management Right of First Refusal</u>: If Resident desires to sell his or her manufactured home located within the Community, Resident shall serve written notice upon [Green Acres] of Resident's attempt to sell his or her manufactured home. The written notice must contain the names and addresses of the bona fide prospective purchasers, the proposed purchase price, and full and exact disclosure of the material terms and conditions of such sale (if available, a copy of the then existing purchase Contract or bill of sale shall be submitted to [Green Acres] with said notice). Upon actual receipt of the written notice, [Green Acres] shall have SEVENTY[-]TWO (72) hours thereafter, not including Saturdays, Sundays or Legal Holidays, in which to INSPECT THE MANUFACTURED HOME, SHED AND ATTACHMENTS, AND TO notify Resident of [Green Acres'] intent to purchase based upon the PURCHASE PRICE, terms and conditions as set forth in said offer. If [Green Acres] rejects that offer or fails to notify Resident with Seventy[-] Two (72) hours, such failure shall be construed as a rejection and Resident may sell his or her manufactured home to the prospective purchaser named in the Notice upon the terms and conditions set forth so long as any prospective purchaser desiring to lease the Home Site meets the other reasonable requirements of [Green Acres], including those listed in the site rental agreement, the Community Rules and Regulations and/or the Requirements For Installing or Removing a Home From the Community Disclosure. . . . If [Green Acres] matches the terms of the offer, [Green Acres] shall pay Resident according to those terms within seven (7) days (Saturday, Sunday, or Legal Holidays shall not be included in the seven (7) day time requirement) upon Resident delivering clear title and possession of the manufactured home to [Green Acres]. If Resident sells the home in violation of this provision [or] this site rental agreement, this site rental agreement, the Community Rules and Regulations and/or the Requirements For Installing or Removing a Home From the Community Disclosure, or applicable law, then the buyer will be deemed to be a Trespasser and will be evicted from [Green Acres'] property and the Resident will remain responsible for the payment of home site fee(s) and other charges through the end of the initial term of Agreement or, after this Agreement is renewed on a month-to-month basis, the rental period.

(Appellees' Ex. 3(b)).

Acres—sold the mobile home and gave the title to Pasternac and Rainbow Community. Clements did so without providing written notice to Green Acres or allowing Green Acres to exercise its right of first refusal as set forth in the rental agreement. Thereafter, Pasternac went to the Indiana Bureau of Motor Vehicles ("BMV"), had the title to the mobile home put in Rainbow Community's name, and then attempted to move the mobile home from Green Acres' premises. Pasternac was unable to remove the mobile home because an employee of Green Acres physically blocked him from doing so.

[5] Thereafter, Harris and Green Acres filed a complaint against Pasternac and Rainbow Community but not against Clements. In their two-count complaint, they sought an injunction (Count 1) and damages based on a statutory violation of counterfeiting, forgery, and/or fraud (Count 2).[3] As to Count 1, Harris and Green Acres alleged that Harris was the owner of the mobile home at issue and had not authorized the sale of it to Pasternac and Rainbow Community. At the same time, they alleged that Green Acres was entitled to exercise its right of first refusal pursuant to its rental agreement with Clements.[4] For Count 1, Harris and Green Acres sought injunctive relief and monetary damages. Specifically, they sought: (1) to enjoin Pasternac and Rainbow Community from removing the mobile home from Green Acres until ownership of the

---

[3] Specifically, Harris and Green Acres alleged that Pasternac and Rainbow Community had violated INDIANA CODE § 35-43-5-2 and/or § 35-43-5-3.

[4] As we noted in our prior memorandum decision, Harris and Green Acres "seemed to have [had] conflicting interests in their joint complaint." *See Pasternac*, No. 46A05-1704-MI-816 at *2 n.1.

mobile home had been determined by the trial court; (2) an order directing Pasternac and Rainbow Community to rescind their title to the mobile home; (3) an order allowing Green Acres to exercise its right of first refusal for the purchase of the mobile home; (4) an award of monetary damages to Harris and Green Acres to compensate them for any damages; and (5) court costs. As for Count 2, Harris and Green Acres alleged that Pasternac and Rainbow Community had fraudulently obtained a mobile home title from the BMV by "misrepresenting their own interest[s] in the mobile home with full knowledge that Plaintiffs' [Harris and Green Acres] rights and ownership interests were being fraudulently terminated and misrepresented." (App. Vol. 2 at 7). For Count 2, Harris and Green Acres alleged that they had "suffered a pecuniary loss as a result of" Pasternac and Rainbow Community's statutory violations, and, pursuant to INDIANA CODE § 34-24-3-1, they sought treble damages, attorney fees, and costs.

[6] The trial court initially issued a temporary restraining order, directing Pasternac and Rainbow Community that they were not to remove the mobile home from the Green Acres premises until the issues in the action were fully determined. Thereafter, the trial court held a preliminary injunction hearing. During this hearing, the parties agreed that the trial court should determine the underlying ownership issue at the same time that it considered Harris' and Green Acres' requests for a preliminary injunction. The trial court ultimately determined that Clements, not Harris, was the owner of the mobile home. The trial court's initial order, however, did not cite nor address the relevant factors for

determining whether to grant a preliminary injunction. Nor did the trial court's order contain specific findings of fact and conclusions of law as required by Indiana Trial Rule 52(A).[5] As a result, our Court remanded this case to the trial court to issue a new order.

[7] Thereafter, the trial court issued an order containing specific findings of fact and conclusions of law. The trial court again determined that Clements, not Harris, was the owner of the mobile home. The trial court also addressed the factors that Green Acres and Harris needed to show in order to obtain a preliminary injunction, and it granted Green Acres' request for a preliminary injunction and denied Harris' preliminary injunction request. Pasternac and Rainbow Community now appeal the trial court's grant of Green Acres' request

---

[5] The trial court's initial order provided as follows:

> Notwithstanding the fact that the Plaintiff, Robert A. Harris, created the situation wherein his interest in the mobile home had been effectively transferred to Ms. Sandy Clements, [Pasternac], though not guilty of any fraud or actual misrepresentation, cannot be deemed to be a bona fide purchaser in good faith.
>
> If anything, [Pasternac's] knowledge of the "Right of First Refusal" provision of the Site Rental Agreement as well as prior dealings with agents of [Green Acres] would have been sufficient to place [Pasternac] on notice that, in addition to buying a mobile home, he was running the risk of "buying a lawsuit[,"] which he could have avoided by the placement of a telephone call to the offices of the Plaintiff, Green Acres.
>
> THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that [Pasternac] shall cause the title to the mobile home, . . . to be restored to Ms. Sandy Clements within 10 days of its receipt of the $1,000.00 downpayment made to said owner; whereupon Green Acres may exercise its Right of First Refusal.
>
> Any determination of damages is hereby reserved for a future hearing to be scheduled at the request of the parties.
>
> Plaintiff's [sic] request for assessment of attorney fees is DENIED.

(App. Vol. 2 at 24-25).

for a preliminary injunction, and Harris cross-appeals the trial court's denial of his preliminary injunction request.

# Decision

[8] We first address Pasternac and Rainbow Community's argument on appeal that the trial court abused its discretion by granting Green Acres' request for a preliminary injunction.

[9] "The power to issue a preliminary injunction should be used sparingly, with such relief granted only in rare instances in which the law and facts are clearly within the movant's favor." *City of Charlestown v. Charlestown Pleasant Ridge Neighborhood Ass'n Corp.*, 111 N.E.3d 199, 204 (Ind. Ct. App. 2018). We review a trial court's grant or denial of a preliminary injunction for an abuse of discretion. *Leone v. Comm'r, Ind. Bureau of Motor Vehicles*, 933 N.E.2d 1244, 1248 (Ind. 2010). To obtain a preliminary injunction, the moving party must demonstrate by a preponderance of the evidence: (1) a reasonable likelihood of success at trial; (2) the remedies at law are inadequate, thus causing irreparable harm pending resolution of the substantive action; (3) the threatened injury to the movant outweighs the potential harm to the nonmovant from the granting of an injunction; and (4) the public interest would not be disserved by granting the requested injunction. *Id.* If the movant fails to prove any one of these factors, the trial court is required to deny the injunction. *Id.*

[10] When determining whether to grant or deny a preliminary injunction, the trial court is required to issue special findings of fact and conclusions thereon. *City*

*of Charlestown*, 111 N.E.3d at 204; Ind. Trial Rule 52(A). We review the special findings and conclusions for clear error. Ind. Trial Rule 52(A). In doing so, we must determine whether the evidence supports the trial court's findings and whether the findings support the judgment. *Clark's Sales & Serv., Inc. v. Smith*, 4 N.E.3d 772, 780 (Ind. Ct. App. 2014), *trans. denied*. "We will reverse the trial court's judgment only when it is clearly erroneous, that is, when our review of the record leaves us with a firm conviction that a mistake has been made." *Great Lakes Anesthesia, P.C. v. O'Bryan*, 99 N.E.3d 260, 268 (Ind. Ct. App. 2018). When assessing whether the judgement is clearly erroneous, we will not reweigh the evidence or judge witness credibility. *City of Charlestown*, 111 N.E.3d at 204. Rather, we will consider only the evidence favorable to the judgment and the reasonable inferences to be drawn therefrom. *Id.*

[11]   Pasternac and Rainbow Community argue that the trial court abused its discretion by granting Green Acres' preliminary injunction request. Specifically, they argue that Green Acres failed to prove that it met the necessary factors that would entitle it to the extraordinary relief of a preliminary injunction.

[12]   In regard to Green Acres' burden of showing the "reasonable likelihood of success at trial" factor, the trial court concluded as follows:

> Notwithstanding Harris' inability to prevail at trial, Green Acres has proven that it can make its prima facie case against Pasternac and Rainbow Community (and Clements) on it[s] breach of contract case based upon the right of first refusal clause. Though Pasternac was never a party to that agreement, Pasternac was

aware of the Right of First Refusal Clause and chose to avoid insisting upon compliance by Clements; thereby taking the risk that Green Acres would seek to invalidate the sale and enforce its Right of First refusal. Though Green Acres may have [a] claim against Clements, it also has a viable interference claim against Pasternac and Rainbow Community. Therefore, Green Acres has met its burden of proving that it would be successful at trial.

(Trial Court's Order from Remand at 9).[6]

[13] Here, the trial court concluded that Green Acres had shown that it would have a reasonable likelihood of success at trial against Pasternac and Rainbow Community for the claims of breach of contract and tortious interference with a contract. Green Acres, however, did not raise either of these claims against Pasternac and Rainbow Community in its underlying complaint in this case. Thus, the trial court essentially concluded that Green Acres had a likelihood of success at trial on potential or future claims. It is axiomatic that a party cannot show a reasonable likelihood of success on a claim that was not raised before the trial court.[7] The trial court's conclusion that Green Acres had shown a reasonable likelihood of success at trial is clearly erroneous. Accordingly, we reverse the trial court's grant of the preliminary injunction to Green Acres. *See*

---

[6] The parties did not file an amended appendix to include the trial court's order that was issued following remand.

[7] Even if Green Acres had raised a breach of contract claim against Pasternac and Rainbow Community in its complaint, Green Acres would not have a reasonable likelihood of success at trial because Pasternac and Rainbow Community were not parties to the rental agreement between Clements and Green Acres. *See Young v. Tri-Etch, Inc.*, 790 N.E.2d 456, 459 (Ind. 2003) (holding that a contract did not impose any obligations or limitations on a person who was not a party to the contract), *reh'g denied*.

*Leone*, 933 N.E.2d at 1248 (holding that failure to prove any one of the preliminary injunction factors requires the trial court to deny a preliminary injunction request); *Stoffel v. Daniels*, 908 N.E.2d 1260, 1272 (Ind. Ct. App. 2009) (concluding that the dismissal of a plaintiff's underlying claim "preempt[ed] the entry of injunctive relief" because the plaintiff did not show a reasonable likelihood of success at trial).

[14] We now turn to Harris' cross-appeal issue. Harris contends that the trial court abused its discretion by denying his request for a preliminary injunction. Because Harris bore the burden of proof when seeking a preliminary injunction, he now appeals from a negative judgment. Accordingly, he "'must demonstrate that the trial court's judgment is contrary to law; that is, the evidence of record and the reasonable inferences therefrom are without conflict and lead unerringly to a conclusion opposite that reached by the trial court.'" *Great Lakes Anesthesia*, 99 N.E.3d at 268 (quoting *PrimeCare Home Health v. Angels of Mercy Home Health Care, LLC*, 824 N.E.2d 376, 380 (Ind. Ct. App. 2005)).

[15] During the preliminary injunction hearing, the parties agreed that the trial court should determine the underlying ownership issue at the same time that it considered Harris' and Green Acres' requests for a preliminary injunction. The trial court ultimately determined that the evidence presented during the hearing showed that Harris had "effectively transferred" his "interest" and "ownership" of the mobile home to Clements and that he had made an *inter vivos* gift. (Trial Court's Order from Remand at 8, 9). As a result, the trial court concluded that

Harris could not meet his burden of showing he was entitled to a preliminary injunction.

[16] Here, Harris challenges the trial court's determination, made as finder of fact, that he was no longer the owner of the mobile home. Harris contends that his testimony showed that he had no intent to make an *inter vivos* gift of the mobile home to Clements. Harris' argument is essentially a request to reweigh the evidence and the trial court's determination of witness credibility, which we will not do. *See City of Charlestown*, 111 N.E.3d at 204. Because the evidence favorable to the judgment and the reasonable inferences to be drawn therefrom support the trial court's ownership determination, Harris cannot show that the trial court abused its discretion by denying his preliminary injunction request. Thus, we affirm the trial court's denial of Harris' request for a preliminary injunction.

[17] Reversed in part and Affirmed in part.

Riley, J., and Robb, J., concur.